**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY**

NORTH FLORIDA SHIPYARDS, INC.,

    Plaintiff,

v.                                                        Case No: 3:17-cv-1273-J-34MCR

M/V ATLANTIS II, her engines,
tackle, apparel, etc., in rem,

    Defendant.
_____

**FINAL DEFAULT JUDGMENT
AGAINST THE VESSEL M/V ATLANTIS II AND
ORDER DIRECTING SALE OF THE VESSEL**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 28; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on May 21, 2018. In the Report, Judge Richardson recommends that Plaintiff's Motion for Default Judgment (Doc. 19) and Plaintiff's Motion for Interlocutory Judicial Sale of Vessel, or, in the Alternative, Motion for Judicial Sale of Vessel (Doc. 27) be granted. See Report at 11. No objections to the Report have been filed, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de

novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 28) is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Motion for Default Judgment (Doc. 19) is **GRANTED** to the extent that the Clerk of the Court is directed to enter default judgment for Plaintiff and against Defendant M/V ATLANTIS II, her engines, tackle, apparel, etc., in rem, in the total amount of $319,759.79, representing (a) $132,736.92 for dockage and services provided to the Vessel through November 22, 2017; (b) $3,398.39 for interest through November 22, 2017; (c) $165,908.26 in substitute custodian expenses through January 31, 2018; (d) $2,500.00 for U.S. Marshal fee; (e) $14,160.00 in attorney's fees; and (f) $1,056.22 for costs.

3. Jurisdiction is retained by this Court for the determination and assessment of any substitute custodial expenses beyond January 31, 2018.

4. Plaintiff's Motion for Interlocutory Judicial Sale of Vessel, or, in the Alternative, Motion for Judicial Sale of Vessel (Doc. 27) is **GRANTED**.

5. The vessel M/V ATLANTIS II, and her engines, tackle, furniture, and apparel, shall be sold free and clear of all claims against the vessel pursuant to Local Admiralty Rule 7.05(r).

6. The sale of the vessel M/V ATLANTIS II and her engines, tackle, furniture, and apparel shall be by public auction by the U.S. Marshal, forthwith. The U.S. Marshal shall publish notice of the sale pursuant to Local Admiralty Rule 7.01(g) and 7.05(q)(1)-(2).

7. A deposit of cash, certified check, or cashier's check in the amount of ten percent (10%) of the bid shall be made at the time of the sale and the payment of the remaining ninety (90%) percent shall be made within three (3) working days thereafter, pursuant to Local Admiralty Rule 7.05(r)(1).

8. If any objection to the sale is filed within the time permitted by Local Admiralty Rule 7.05(r)(7), the successful bidder is excused from paying the remaining purchase price until three (3) working days after the Court confirms the sale. If the successful bidder fails to pay the remaining ninety (90%) percent within three (3) working days after the sale or within three (3) working days after the Court confirms the sale where an objection is filed, he or she shall be deemed in default.

9. In the instance of a default, this Court may order that the sale be awarded to the second highest bidder or may order a new sale. Any sum deposited by the bidder in default shall be forfeited and the amount shall be applied by the U.S. Marshal to any additional costs incurred because of the forfeiture and default, including costs incident to resale. The balance of the

deposit, if any, shall be retained in the Registry of the Court and subject to further Order of the Court.

10. At the conclusion of the sale, the U.S. Marshal shall file a written report of the sale to include the date of the sale, the price obtained, and the name and address of the buyer pursuant to Local Admiralty Rule 7.05(r)(5).

11. Unless an objection is timely filed in accordance with Local Admiralty Rule 7.05(r), or the purchaser is in default for failing to pay the balance of the purchase price, Plaintiff North Florida Shipyards, Inc. shall proceed to have the sale confirmed on the day following the last day for filing objections.[1]

12. Pursuant to Local Admiralty Rule 7.05(r)(6), in order to confirm the sale, Plaintiff shall file a "Request for Confirmation of Sale" on the day following the last day for filing an objection. The "Request for Confirmation of Sale" shall substantially conform to Middle District Form 709 in the Appendix to the Local Admiralty Rules. Plaintiff shall also prepare and offer for filing a "Confirmation of Sale" consistent with Middle District Form 710 in the Appendix to the Local Admiralty Rules. Thereafter, the Clerk shall file and docket the confirmation and shall promptly transmit a certified copy of the "Confirmation of Sale" to the U.S. Marshal's office. Unless ordered by the Court, if Plaintiff fails to file timely the "Request for Confirmation of Sale"

---

[1] An objection to the sale, if any, must be filed within three (3) working days following the sale. The party or person filing an objection shall serve a copy of the objection upon the U.S. Marshal and all other parties to the action, and shall also file a Certificate of Service indicating the date and manner of service. Opposition to the objection must be filed within five (5) days after receipt of the objection. Any person filing an objection must also comply with the deposit requirement described in Local Admiralty Rule 7.05(r)(7)(B).

and proposed "Confirmation of Sale," the U.S. Marshal shall assess any continuing costs or expenses for custody of the vessel or property against Plaintiff.

13. Plaintiff may become the bidder for the vessel M/V ATLANTIS II and her engines, tackle, furniture, and apparel, and may enter its bid in amount up to the amount of its judgment without being required to make the deposits above set forth.

14. Upon receipt of the balance of the sums due from the successful bidder for said vessel and after confirmation of such sale as provided in Local Admiralty Rule 7.05(r)(6) and (7), the U.S. Marshal shall forthwith issue a Bill of Sale for the vessel M/V ATLANTIS II and her engines, tackle, furniture, and apparel, and place the successful bidder in possession thereof.

15. The Clerk of the Court is directed to terminate any pending motions and close the file.

**DONE and ORDERED** in Chambers in Jacksonville, Florida, this 6th day of July, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Copies to:
Counsel of Record
U.S. Marshal